IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBBIE LEE ESTHER WARD, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | Case No. 3:19-CV-2862-M-BK |
| | § | |
| CARRINGTON MORTGAGE SERVICES LLC, | § | |
| | § | |
|    DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court now considers Defendant *Carrington's Dismissal Motion*. Doc. 4. As detailed here, the motion should be **GRANTED.**

### I. BACKGROUND

Plaintiff filed this action in state court, seeking to avoid an impending foreclosure sale of her home. She asserts that Defendant violated federal regulations, including the Real Estate Settlement Procedures Act ("RESPA"), by failing to notify her within 30 days of receipt of her loan modification application whether that option was available to her and, if her application was denied, the specific reasons therefore. Doc. 1-2 at 4-5. Plaintiff also asserts a breach of contract claim based on the Deed of Trust and alleges that Defendant breached its duty of good faith and fair dealing by misleading Plaintiff to the point of foreclosure. Doc. 1-2 at 5-6. Plaintiff seeks injunctive relief as well as monetary damages. Doc. 1-2 at 6, 9. After removing the case to this Court, Doc. 1, Defendant filed the instant motion to dismiss, Doc. 4.

## II.  APPLICABLE LAW

The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6).  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Id.* (quotation omitted).  The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain.  *Id.*  In analyzing the plaintiff's complaint, the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff.  *Id.* at 312-13.

In deciding a motion to dismiss under Rule 12(b)(6) or 12(c), the court may examine the complaint, documents attached to the complaint, documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, and matters of public record.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (in resolving a Rule 12(b)(6) motion, "the court may consider . . . matters of which judicial notice may be taken.").

### III.  ANALYSIS

**A.  Authority to Foreclose**

Plaintiff alleges that Defendant lacks authority to foreclose because Defendant violated 12 C.F.R. § 1024.41(d) by failing to notify her of its decision to deny her loss mitigation application before initiating foreclosure proceedings.  Doc. 1-2 at 5.  Defendant contends that Plaintiff entered two previous loan modification agreements—one in January 2015, Doc. 6-1 at 23, and another in July 2018, Doc. 6-1 at 30—but she is only entitled to one loss mitigation application under the regulation.

As an initial matter, the Court may consider the two previous loan modification agreements attached to Defendant's motion to dismiss without converting Defendant's motion to a motion for summary judgment, because previous loan modification agreements are central to a <u>properly</u> pled claim for violation of 12 C.F.R. § 1024.41.  *See Pillow v. U.S. Bank Nat'l Ass'n as Tr. for GSMPS Mortg. Loan Tr. 2006-RP1*, No. 3:17-CV-1952-L-BH, 2019 WL 3208895, at *3 (N.D. Tex. June 13, 2019) (Ramirez, J.) (granting defendant's motion to dismiss based on, *inter alia*, a loan modification agreement attached to defendant's motion) *adopted sub nom.* 2019 WL 3206154 (N.D. Tex. July 16, 2019) (Lindsay, J.).  As Defendant correctly notes, under section 1024.41, a "servicer is only required to comply with the requirements" of § 1024.41 "for a *single* complete loss mitigation application." 12 C.F.R. § 1024.41(i) (emphasis added); Doc. 5 at 9.

Based on the substance of Plaintiff's pleadings and the previous loan modifications, it is undisputed that the loan modification application Plaintiff submitted to Defendant on July 23, 2019, Doc. 1-2 at 4, was not her first loan modification agreement, Doc. 6-1 at 23 (dated January 29, 2015), Doc. 6-1 at 30 (dated July 22, 2018).  Further, Plaintiff does not contend that she

3

became current on her payments after Defendant considered any previous complete loss mitigation application.  Doc. 1-2 *passim*.  And Plaintiff must demonstrate one of these alternatives to establish a violation of § 1024.41.  Cf. *Solis v. U.S. Bank, N.A.*, 726 Fed. Appx. 221, 223 (5th Cir. 2018) (per curiam) (dismissal proper where plaintiffs failed to allege that the loss mitigation application at issue was their first).  Notably, Plaintiff's response to the motion to dismiss also is silent as to the previous loss mitigation applications.

Accordingly, because there apparently is no dispute as to the relevant facts, which do not support Plaintiff's claim of a RESPA violation, such claim fails as a matter of law.

**B.  Breach of Contract**

Plaintiff also asserts a breach of contract claim against Defendant based on the Deed of Trust between the parties.  Doc. 1-2 at 6.  Plaintiff alleges, "[t]he Deed of Trust gives Plaintiff an opportunity to reinstate the loan, however, by not giving Plaintiff proper notification, Plaintiff [sic] took this right away from Plaintiff.  This is breach of the Deed of Trust contract by Defendant."  Doc. 1-2 at 6.

To establish a claim for breach of contract, a Plaintiff has to demonstrate (1) the existence of a valid, enforceable contract; (2) that plaintiff performed or tendered performance; (3) that defendant breached the contract; and (4) that defendant's breach caused plaintiff's damages. *Valero Mktg. & Supply Co. v. Kalama Int'l,* 51 S.W.3d 345, 351 (Tex.App.–Houston [1st Dist.] 2001, no pet.).  Here, Plaintiff pleads that she failed to perform under the terms of the contract: "Plaintiff in a time of financial hardship missed some mortgage payments…."  Doc. 1-2 at 3.  Her claim fails on that element alone.  However, Plaintiff also fails to identify the specific provision of the Deed of Trust that Defendant allegedly breached.  *See Brown v. U.S. Bank Nat.*

4

*Ass'n*, No. 3:14-CV-89-L, 2014 WL 3764887, at *9 (N.D. Tex. July 31, 2014) (Lindsay, J.) (granting motion to dismiss and dismissing plaintiff's breach of contract claim in foreclosure case, in part, because "[p]laintiffs' pleadings do not identify which provision or provisions of the Deed of Trust that Defendant allegedly breached."); *see also Daniels*, 2019 WL 6619806, at *2 (concluding same).  Further, Plaintiff's claim of that, by "misleading Plaintiff to a point of foreclosure," Defendant violated the contractual duty of good faith and fair dealing owed under the Texas Uniform Commercial Code, Doc. 1-2 at 6, fairs no better.  "[T]he Texas UCC governs only transactions involving sale or lease of 'goods,' and homes are not a good." *Blakeley v. Boltinghouse*, No. Civ.A. H-03-4901, 2015 WL 1185944, at *4 (S.D. Tex. May 4, 2005) (Werlein, J.) (quoting Tex. Bus. & Com. Code § 2.315).  Finally, Plaintiff's assertion in her response to the motion to dismiss that Defendant waived its right to foreclose is unsupported and conclusory and, thus, does not change the Court's analysis.  Doc. 7 at 5.  *See Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right").

      Notably, in her response to the motion to dismiss, while correctly stating the elements of a breach of contact claim, Plaintiff focuses solely on Defendant's alleged failure to advise of the status of the last loan modification application and wholly avoids the issue of her own failure to perform under the contract.  Consequently, considering the undisputed facts, Plaintiff's breach of contract claim fails as a matter of law.

## C. Injunctive Relief

      Plaintiff's request for injunctive relief, Doc. 1-2 at 6-7, should be denied because, as outlined *supra*, Plaintiff's underlying causes of action fail as a matter of law.  Injunctive relief is

an "equitable remedy, not an independent cause of action," and there is no controversy when a court dismisses each of a plaintiff's underlying substantive law claims. *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL 4335997 at *7, (N.D. Tex. 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions*, LLC, No. 11-CV-0109, 2011 WL 1833022 at *4 (N.D. Tex. 2011) (Fitzwater, J.)).

### D.  Leave to Amend

Plaintiff has requested the opportunity to amend her claims in the event the Court concludes that her pleadings are insufficient.  Doc. 7 at 1.  A Rule 12(c) motion for judgment on the pleadings is filed "[a]fter the pleadings are closed--but early enough not to delay trial, FED. R. CIV. P. 12(c).  Here, however, the motion is clearly premature and appears to be an attempt by Defendant to circumvent the prohibition on filing a Rule 12(b) motion after the responsive pleading.  Moreover, Plaintiff has not previously amended her claims.  Thus, she should be given the opportunity to do so, to the extent she is able to cure the deficiencies identified herein.  *See* FED. R. CIV. P15(a)(2) ("The Court should freely give leave [to amend] when justice so requires.").

### IV.  CONCLUSION

For the foregoing reasons, Defendant *Carrington's Dismissal Motion*, Doc. 4, should be **GRANTED.**  Plaintiff's claims should all be **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing an amended pleading curing the deficiencies noted herein.

Plaintiff is **ORDERED** to file an amended petition within 14 days of this report and recommendation that cures the defects herein with respect to her RESPA and breach of contract

claims. If she fails to do so, Plaintiff's claims should be dismissed with prejudice, *sua sponte* or on the motion of Defendant.

**SO RECOMMENDED** on August 4, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).