IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBBIE LEE ESTHER WARD, § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | Case No. 3:19-CV-2862-M-BK | |
| § | | |
| CARRINGTON MORTGAGE SERVICES § | | |
| LLC, § | | |
| DEFENDANT. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court now considers *Carrington's Dismissal Motion*. Doc. 15. Upon review, the motion should be **GRANTED.**

**I. BACKGROUND**

Plaintiff filed this action in state court, seeking to avoid an impending foreclosure sale of her home. After removing the case to this Court, Doc. 1, Defendant filed a motion to dismiss Plaintiff's original petition. Doc. 4. The Court granted the motion to dismiss but granted Plaintiff leave to amend. Doc. 12; Doc. 14. Plaintiff filed an amended complaint. Doc. 13.

In her amended complaint, Plaintiff asserts that Defendant violated federal regulations, specifically the Real Estate Settlement Procedures Act ("RESPA"), by failing to notify her within 30 days of receiving her loan modification application whether a modification was available to her and, if her application was denied, the specific reasons therefore. Doc. 13 at 4. Plaintiff also asserts a breach of contract claim based on the Deed of Trust and alleges that Defendant breached its duty of good faith and fair dealing by misleading Plaintiff to the point of

foreclosure. Doc. 13 at 5. Plaintiff seeks monetary damages and an award of attorney's fees and costs. Doc. 13 at 6.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An implausible claim may be dismissed. *See* FED. R. CIV. P. 12(b)(6). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). To survive a motion to dismiss, plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the court may examine the complaint, documents attached to the complaint, documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, and matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

#### A. RESPA

Plaintiff alleges that Defendant lacks authority to foreclose on her home because Defendant violated RESPA, specifically 12 C.F.R. § 1024.41(d), by failing to notify her of its receipt of her loss mitigation application or of its decision to grant or deny her application before initiating foreclosure proceedings. Doc. 13 at 4. Defendant contends, *inter alia*, that Plaintiff did receive notice of its denial decision, Doc. 16 at 6, which it mailed to her on August 28, 2019, Doc. 17-1 at 46. Defendant argues that even if Plaintiff did not receive the notice, she is not entitled to protection under RESPA because she entered into two previous loan modification agreements with Defendant—one in January 2015, Doc. 17-1 at 20-26, and another in July 2018, Doc. 17-1 at 27-30—and, thus, is not entitled to another complete loss mitigation application process. Doc. 16 at 5, 10-11.

The Court considers Plaintiff's two previous loan modification agreements attached to Defendant's motion without converting it to a motion for summary judgment. *See* FED. R. EVID. 201(b)(2); *see also James v. Bank of America, N.A.*, No. 3:19-CV-2195-S-BH, 2020 WL 5984423, at *3 (N.D. Tex. June 10, 2020) (Ramirez, J.) (the Court considered loan modification agreements attached to defendant's motion to dismiss without conversion), *adopted by* 2020 WL 5983201 (N.D. Tex. Oct. 8, 2020) (Scholer, J.).

As Defendant correctly asserts, a loan servicer is not required to comply with RESPA's loss mitigation application procedures if (1) "the servicer has previously complied with the requirements of" the relevant RESPA provisions and (2) "the borrower has been delinquent at all times since submitting the prior complete application." 12 C.F.R. § 1024.41(i).

3

It is undisputed that the loan modification application Plaintiff submitted to Defendant on July 23, 2019, Doc. 13 at 2, was not her first loan modification agreement. *See* Doc. 17-1 at 20-26-30. Further, Plaintiff does not allege that she became current on her payments after Defendant considered either previous complete loss mitigation application, despite the Court pointing out this deficiency in her original petition. Doc. 12 at 3-4. Indeed, she does not mention the two prior applications in her amended complaint at all. Doc. 13 *passim*. Plaintiff's RESPA claim should be dismissed.

### B. Breach of Contract

Plaintiff asserts a breach of contract claim against Defendant based on the Deed of Trust between the parties. Doc. 13 at 5. Plaintiff alleges, "[t]he Deed of Trust gives Plaintiff an opportunity to reinstate the loan, however, by not giving Plaintiff proper notification, Plaintiff [sic] took this right away from Plaintiff. This is breach of the Deed of Trust contract by Defendant." *Id*. Defendant responds that (1) Plaintiff has not specified a provision of the Deed of Trust that Defendant violated, (2) Defendant performed under the contract as required, (3) Plaintiff breached the contract by failing to make payments, and (4) Plaintiff's alleged right to reinstate was never predicated on proper notification regarding her loan modification status. Doc. 16 at 5, 8.

To establish a claim for breach of contract, a plaintiff has to demonstrate (1) the existence of a valid, enforceable contract; (2) that plaintiff performed or tendered performance; (3) that defendant breached the contract; and (4) that defendant's breach caused plaintiff's damages. *Valero Mktg. & Supply Co. v. Kalama Int'l,* 51 S.W.3d 345, 351 (Tex.App.–Houston [1st Dist.] 2001, no pet.). Here, Plaintiff admits that she did not perform under the terms of the contract:

4

"Plaintiff in a time of financial hardship missed some mortgage payments…." Doc. 13 at 2. Her claim fails on that element alone. However, Plaintiff also fails to identify the provision of the Deed of Trust that Defendant allegedly breached, either generally or specifically, regarding an alleged right to reinstatement. *See Brown v. U.S. Bank Nat. Ass'n*, No. 3:14-CV-89-L, 2014 WL 3764887, at \*9 (N.D. Tex. July 31, 2014) (Lindsay, J.) (dismissing plaintiff's breach of contract claim, in part, because "[p]laintiffs' pleadings do not identify which provision or provisions of the Deed of Trust that Defendant allegedly breached.").

Plaintiff's claim that Defendant violated the contractual duty of good faith and fair dealing owed under the Texas Uniform Commercial Code by "misleading Plaintiff to a point of foreclosure," Doc. 13 at 5, fares no better. As the Court previously informed Plaintiff, Doc. 12 at 5, the Texas UCC governs only transactions involving sale or lease of 'goods;' homes are not a good. *Bishop v. Nat'l Loan Investors, L.P.*, 915 S.W.2d 241, 245 (Tex. App.—Fort Worth, reh'g overruled, writ denied). There is no such duty here.

### C. Leave to Amend

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n.6 (5th Cir. 2000); *see also Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (generally, a litigant should be given an opportunity to amend her complaint before it is dismissed, unless she has already pled her best case.).

Unlike her response to Defendant's first motion to dismiss, Plaintiff has not requested the opportunity to again amend her claims if the Court concludes that her pleadings are insufficient.

5

*See* Doc. 18. Indeed, Plaintiff had an opportunity to amend her claims previously and was given notice that failure to cure any defects could lead to dismissal with prejudice. Doc. 12 at 7. Yet she submitted a virtually identical complaint. The Court thus assumes that Plaintiff has pled her best case. *Brewster*, 587 F.3d at 767-78. Accordingly, all of Plaintiff's claims should be dismissed with prejudice.

### IV.  CONCLUSION

For the foregoing reasons, Defendant *Carrington's Dismissal Motion*, Doc. 15, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 4, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days)